STATE v. FREDERICK HAWKINS.[1]

November 3, 1905.

Nos. 14,558—(18).

**Intoxicating Liquor.**

> The defendant was convicted of the offense of giving and furnishing intoxicating liquors to a minor. *Held*, that the evidence was sufficient to sustain the verdict.

Defendant was convicted in the district court for Hennepin county of the offense of furnishing intoxicating liquor to a minor, and sentenced to confinement for thirty days in the city workhouse of Minneapolis. From an order, Dickinson. J., denying a motion for a new trial, and from the judgment of conviction, defendant appealed. Affirmed.

*Nye & Deutsch,* for appellant.

*Edward T. Young,* Attorney General, *Al. J. Smith,* County Attorney, and *Elmer W. Gray,* Assistant County Attorney, for the State.

START, C. J.

The defendant was accused, by an indictment in the district court of the county of Hennepin, of the offense of having on February 9, 1905, given and furnished intoxicating liquor, namely, one keg of beer, to a minor, Otto Swanson. The jury found the defendant guilty of the charge, and he appealed from an order denying his motion for a new trial.

The important question raised by the assignments of error is whether the evidence is sufficient to sustain the verdict. There was evidence tending to show that the defendant was a saloon keeper at Excelsior on February 9, 1905; that on that day he promised two boys, both minors, one of whom was Otto Swanson, a keg of beer, if they would fight six rounds and draw blood; that the boys accepted the offer and fought, and blood was drawn; that then the victor, Otto Swanson, with two or three other boys and the defendant went into the saloon, and shortly thereafter Swanson went into the basement thereof and came back through the saloon with a keg of beer in a gunny sack, set it down

[1] Reported in 104 N. W. 898.

on the back porch of the saloon, and then went back into the saloon and asked the defendant's bartender for a faucet, who told him that he did not have one; that Swanson did not tell the bartender for what purpose he wanted the faucet; that the keg of beer was then placed in a sleigh and driven down to the shore of the lake, tapped, and Swanson and his companions drank part of it. The defendant testified that:

> Otto Swanson won the fight. He got the decision and he came to me and said: "Fred, give me a keg of beer." I said: "Otto, I can't give you a keg of beer. You are a minor." He says: "It's funny I can't get a keg of beer." I said: "Can't give it to you and I won't." I can't tell you where I went after that. I was out between the saloon and the billiard room afterwards. * * * I did not give any of these boys permission to take beer from my premises, and no one of them, except Swanson, said anything to me about beer. I was not informed that they had taken the beer until twenty-five or thirty minutes after they had taken it. I did not know they had had it until they were gone. I do not know of my own knowledge whether or not they got any beer that day.

Otto Swanson testified that:

> After the fight I said to Hawkins: "Give me that keg of beer." He says: "I can't. You are a minor." There was nothing else said, and no one else was there. Neither Mr. Hawkins nor any one in his employ, at any time after the fight, told me I could have the beer, or gave it to me.

If the testimony of the defendant be accepted as the whole truth of the transaction, he is not guilty of the offense charged. His credibility, however, was a question for the jury. We deem it unnecessary to discuss the evidence, for it clearly points to the conclusion that the defendant did, directly or indirectly, give and furnish to Otto Swanson a keg of beer as charged in the indictment. Indeed, the evidence is very persuasive that such was the fact and that Swanson did not steal the beer. Upon a consideration of the whole evidence we are of the opinion, and we so hold, that the verdict is fully sustained by the evidence.

Evidence was given by the state over the defendant's objection tend-

ing to show that the beer made the boys who drank it drunk. This is assigned as error. The ruling of the court was correct; for the evidence was proper, tending to show that the beer was intoxicating. We are not to be understood as holding that the court might not, in the absence of evidence of the fact, take judicial notice that lager beer is intoxicating.

Order affirmed.